IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN HOGAN, | : | CIVIL ACTION |
| | : | NO. 04-957 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK D. GILLIS, et al., | : | |
| | : | |
| Respondents. | : | |

**M E M O R A N D U M**

**EDUARDO C. ROBRENO, J.**                                   **September 16, 2022**

### I.   INTRODUCTION

Petitioner Kevin Hogan brings a Rule 60(b) motion to reopen habeas corpus proceedings. The Commonwealth argues that the Court lacks jurisdiction over Petitioner's motion, as it is really a second or successive petition disguised as a Rule 60(b) motion and should have properly been filed with the Third Circuit Court of Appeals. The Court agrees with the Commonwealth and denies Petitioner's motion without prejudice, so that he can properly bring this petition to the Third Circuit Court of Appeals under 28 U.S.C. § 2244(b)(3).

### II.  BACKGROUND

Petitioner was convicted of first-degree murder and related offenses in the Court of Common Pleas in Montgomery County,

1

Pennsylvania, in 1995. Pet'r's Mot. to Reopen Pet. for Writ of Habeas Corpus ¶¶ 3, 10, ECF No. 30 (Pet'r's Mot.). Petitioner appealed his conviction unsuccessfully, filed multiple PCRA petitions, and eventually filed a federal habeas corpus petition in 2004. Pet'r's Mot. ¶¶ 12-23. The Court adopted Magistrate Judge Scuderi's Report and Recommendation denying Petitioner's Motion as untimely. Mem. Op. (May 31, 2005), ECF No. 13. Petitioner then filed another PCRA petition in September 2016, alleging that he was entitled to relief on the basis of newly discovered evidence. Pet'r's Mot. ¶¶ 26-27.

At his criminal trial for murder, "Petitioner's defense was that he shot [the victim] in self defense because he thought that [the victim] and Robert Hall . . . were going to shot [sic] him for hanging around the bar." Pet'r's Mot. ¶ 50. In his current motion to the Court, brought under Rule 60(b)(2) and (b)(6), Petitioner points to allegedly new evidence supporting this prior self-defense claim.

First, Petitioner claims that Hall "falsely told the police that the person who shot his uncle had previously threatened to kill his uncle" because Hall thought doing so would "get [the police] off his back about allegedly being a 'hitman.'" Pet'r's Mot. ¶¶ 60-61; see also id., Ex. B (Aff. of Pierre L. Pinson), at 1. Petitioner also raises new evidence from an eyewitness that he learned of while in prison, who claimed to have seen the

shooting and seen the victim in possession of "what looked like a gun." Pet'r's Mot. ¶¶ 27-30; see also id., Ex. A (Aff. of Dorian Mathis), at 4.

### III. LEGAL STANDARD

At issue here is the interaction of the Federal Rules of Civil Procedure and the Antiterrorism and Effective Death Penalty Act--specifically Rule 60(b) and 28 U.S.C. § 2244.

Under Rule 60(b)(2), which applies to all civil actions, a party may move for relief from a final judgment on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

To obtain relief under subsection (b)(6), the catch-all category for reopening a judgment under Rule 60(b), a petitioner must show that "extraordinary circumstances" are present to justify disturbing a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)). "This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Kemp v. United States, 142 S. Ct. 1856, 1861 (2022) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988)). Extraordinary circumstances have included "expert testimony linking [Defendant's] race to violence" such that a defendant "may have been sentenced to death in part because of his race,"

3

Buck v. Davis, 137 S. Ct. 759, 772, 778 (2017), or a subsequent change in governing law, Gonzalez, 545 U.S. at 531. In considering whether extraordinary circumstances exist, the court may look to "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." Liljeberg, 486 U.S. at 864.

Under 28 U.S.C. § 2244, which applies specifically to habeas proceedings, a district court only has jurisdiction to review a second or successive petition if the petitioner has first obtained an order from the appropriate court of appeals, here the Third Circuit, authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The Third Circuit Court of Appeals, not this Court, has jurisdiction to determine whether the petitioner's claim meets the requirements of § 2244(b)(2) such that the claim can avoid mandatory dismissal as a second or successive petition. See Berry v. Kauffman, 208 F. Supp. 3d 676, 681 (E.D. Pa. 2016).

By contrast, when a petition attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," such as a fraud on the habeas court, it is properly brought as a Rule 60(b) motion and can be heard by a district court without

4

precertification by a court of appeals. Gonzalez, 545 U.S. at 532 & n.5.

## IV. DISCUSSION

Petitioner's motion cannot rightly be considered a Rule 60(b)(2) motion, as he requests relief on the basis of allegedly new facts underlying a claim that he brought in his initial habeas petition. Petitioner contests the integrity of the state criminal proceedings, rather than the federal habeas proceedings, by alleging that a key witness, Robert Hall, committed perjury on the stand. Pet'r's Mot. Ex. B, at 46-47. He also alleges that there is a new eyewitness to testify on his behalf who was not known at the time of trial or in the appropriate time to move for a new trial, as such witness had his own "troubles" and "did not want to see any court house." Pet'r's Mot. Ex. A, at 43. These new allegations are thus related to Petitioner Hogan's original claims for relief on the basis of ineffective assistance of counsel in presenting a defense such as voluntary intoxication or self-defense that would negate the specific intent required for first-degree murder. See Pet'r's Mot. ¶¶ 50, 104, 112; see also United States v. Santarelli, 929 F.3d 95, 105 (3d Cir. 2019) ("[A] Rule 60(b) motion that raises a claim attacking the underlying criminal judgment must be a second or successive petition . . ." (quoting Blystone v. Horn, 664 F.3d 397, 413 (3d Cir. 2011))).

5

Furthermore, Petitioner does not show "extraordinary circumstances" that would justify reopening these proceedings. Rather, his petition, even viewed under 60(b)(6), still "reassert[s] claims of error in the state conviction" and accordingly must be treated as a successive habeas petition. Waliyud-Din v. Att'y Gen. Pa., No. 10-5851, 2020 WL 6262982, at *2 (E.D. Pa. Oct. 23, 2020).

## V.  CONCLUSION

Under the conditions that Petitioner presents here, by raising "newly discovered evidence" to challenge the underlying criminal proceedings, the "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." Gonzalez, 545 U.S. at 532 (citing 28 U.S.C. § 2244(b)(3)). This is because "§ 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b)." Id. at 531.

Accordingly, Petitioner's motion is denied without prejudice so that he may properly file his motion with the Court of Appeals for the Third Circuit. An appropriate order follows.